TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Phillip Rivett*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Rivett, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, Trans Union, LLC, a Delaware limited liability company, and Discover Financial Services, Inc., a Delaware corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, PHILLIP RIVETT, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Mesa, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio corporation that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC ("Trans Union"), which is a Delaware company that maintains a registered agent in Maricopa County, Arizona; and

    c. Discover Financial Services, Inc. ("Discover"), which is a Delaware corporation that maintains registered offices in Cook County, Illinois.

## GENERAL ALLEGATIONS

6. Discover Financial Services is reporting its trade line with account number 601100243968…. ("Errant Trade Line") on Plaintiff's Experian and Trans Union credit files with multiple charge offs.

7. These multiple charge offs are inaccurate in that they inaccurately reflect the account as having been charged off multiple times. Moreover, multiple charge offs act as repeated assaults on the Plaintiff's credit score, month after month. While the negative impact of all other derogatory information on a credit score lessens over time, not so much with these multiple charge offs. Each month that a charge off is repeatedly reported as a current derogatory, it has an unduly largely and devastating effect on Plaintiff's credit score. There is no healing of the Plaintiff's credit score from multiple charge offs as there are from other derogatory information over time.

8. Credit reporting is a collection activity that benefits the lender. By reporting multiple charge offs, the lender is able to hold the Plaintiff's credit score as a hostage by improperly depressing it such that it is actually inaccurate, until he pays the debt.

9. The multiple charge offs convey to any user or prospective of Mr. Rivett's credit reports that, not only did a charge off incur on a particular date, but for several months thereafter. These repetitive charge off notations are far more punitive and misleading than informative.

10. On or about December 23, 2015, Mr. Rivett obtained his credit files and noticed the charge offs on the Errant Trade Line.

11. On or about January 26, 2016, Mr. Rivett, submitted letters to Experian and Trans Union, disputing the multiple charge offs on the Errant Trade Line.

12. Upon information and belief, Experian and Trans Union transmitted Mr. Rivett's consumer dispute to Discover.

13. On or about February 12, 2016, Mr. Rivett received correspondence from Experian, which stated that it already processed this request and pursuant to FCRA 611(a)(3)(A), it would not process it again. This is false as he did not previously dispute the Errant Trade Line based on the multiple charge offs that Discover was reporting.

14. On or about February 19, 2016, Mr. Rivett received investigation results from Experian, which showed multiple charge offs on the Errant Trade Line.

15. On or about February 24, 2016, Mr. Rivett received Trans Union's investigation results, which showed that Discover retained the multiple charge offs on the Errant Trade Line.

# COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DISCOVER

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed by Experian and Trans Union of Mr. Rivett's consumer dispute of multiple charge offs of the Errant Trade Line, Discover negligently failed to conduct a proper investigation of Mr. Rivett's dispute as required by 15 USC 1681s-2(b).

18. Discover negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian and Trans Union to remove the multiple charge offs from the Errant Trade Line.

19. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Rivett's consumer credit files with Experian and Trans Union to which it is reporting such trade line.

20. As a direct and proximate cause of Discover's negligent failure to perform its duties under the FCRA, Mr. Rivett has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

21. Discover is liable to Mr. Rivett by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. Mr. Rivett has a private right of action to assert claims against Discover arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Discover for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DISCOVER

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Experian and Trans Union that Mr. Rivett disputed the accuracy of the information it was providing, Discover willfully failed to conduct a proper reinvestigation of Mr. Rivett's dispute.

25. Discover willfully failed to review all relevant information available to it and provided by Experian and Trans Union as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of Discover's willful failure to perform its duties under the FCRA, Mr. Rivett has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

27. Discover is liable to Mr. Rivett for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the

amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Discover for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Rivett as that term is defined in 15 USC 1681a.

30. Such reports contained information about Mr. Rivett that was false, misleading, and inaccurate.

31. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Rivett, in violation of 15 USC 1681e(b).

32. After receiving Mr. Rivett's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

33. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Rivett has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

34. Experian is liable to Mr. Rivett by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Rivett as that term is defined in 15 USC 1681a.

37. Such reports contained information about Mr. Rivett that was false, misleading, and inaccurate.

38. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Rivett, in violation of 15 USC 1681e(b).

39. After receiving Mr. Rivett's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Rivett has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

41. Experian is liable to Mr. Rivett by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Rivett as that term is defined in 15 USC 1681a.

44. Such reports contained information about Mr. Rivett that was false, misleading, and inaccurate.

45. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Rivett, in violation of 15 USC 1681e(b).

46. After receiving Mr. Rivett's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

47. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Rivett has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

48. Trans Union is liable to Mr. Rivett by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

49. Plaintiff realleges the above paragraphs as if recited verbatim.

50. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Rivett as that term is defined in 15 USC 1681a.

51. Such reports contained information about Mr. Rivett that was false, misleading, and inaccurate.

52. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Rivett, in violation of 15 USC 1681e(b).

53. After receiving Mr. Rivett's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

54. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Rivett has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

55. Trans Union is liable to Mr. Rivett by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus

punitive damages along with costs, interest, and reasonable attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED: April 15, 2016

                         KENT LAW OFFICES

                         By:  */s/  Trinette G. Kent*
                         Trinette G. Kent
                         Attorneys for Plaintiff,
                         Phillip Rivett